## BECK v. MERCHANTS BANK OF NEW YORK.

District Court, S. D. New York.
April 20, 1939.

Benjamin Siegel, of New York City, for plaintiff.

David Haar, of New York City, for defendant.

340

ABRUZZO, District Judge.

The plaintiff is the trustee of the World Clothing Exchange, Inc., which was adjudicated a bankrupt on August 30, 1937. The trustee evidently made an exhaustive investigation to discover any assets which would be of benefit to the creditors. He apparently uncovered a certain state of facts which may be briefly summarized as follows:

On December 20, 1935, one Samuel Mogelewsky filed a voluntary petition in bankruptcy under Section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202, at which time he was obviously insolvent. A compromise was evidently effected by Mogelewsky with his creditors and all of his assets were transferred to a new corporation, called the World Clothing Exchange, Inc., of which the plaintiff Beck is the trustee.

The World Clothing Exchange, Inc., agreed to pay Mogelewsky's creditors 25%, payable 15% in cash and two 5% notes. Mogelewsky in turn was to pay the balance of 75% by giving five personal notes, each for 15%, the first payable one year from date and yearly thereafter until all of them were satisfied.

The defendant bank was a secured creditor of Mogelewsky to the extent of $9300.

On March 13, 1936, Slavin agreed with the defendant bank to purchase its claim against Mogelewsky. This agreement included a provision that the defendant bank would discount for Slavin a series of sixty-two notes to be drawn by the World Clothing Exchange, Inc., totalling $7,009.64. Slavin was an officer of the World Clothing Exchange, Inc.

As stated heretofore, the defendant's claim against Mogelewsky when he filed his petition in bankruptcy was to some extent secured. Mogelewsky discounted various notes of his customers, totalling $7,176.98. These notes had been discounted by Mogelewsky individually so that the defendant bank had the various makers of these notes as debtors in addition to Mogelewsky.

When Slavin entered into the agreement of March 13, 1936, and when he paid to the bank the amount of $7,509.64 owed by Mogelewsky, the defendant bank assigned to Slavin all of its right, title and interest to these notes made by the various makers and customers of Mogelewsky. It

agreed to waive its rights to sue these several makers. The bank recovered a number of judgments on Mogelewsky's notes against the makers thereof and these judgments were also assigned to Slavin as part of the March 13, 1936 agreement.

Slavin resold Mogelewsky's claims to the World Clothing Exchange, Inc., for the exact amount he paid for them. It, therefore, appears without any question that the defendant bank, when it entered into the agreement of March 13, 1936, knew of the fact that although Slavin purchased Mogelewsky's claims, it was in fact the World Clothing Exchange, Inc., who was the purchaser.

On March 13, 1936, the World Clothing Exchange, Inc., was entirely solvent, having upwards of $50,000 to $60,000 in assets.

Subsequently and on July 15, 1936, the World Clothing Exchange, Inc., became insolvent.

The theory on which the plaintiff bases his claim is somewhat vague. The opening of the counsel for the plaintiff did not set forth particularly upon what theory the cause of action was brought. The complaint alleged that the World Clothing Exchange, Inc., did not receive a fair and adequate consideration from the sum of $7,509.64 paid to the defendant. The action might be interpreted as one brought in fraud. At the completion of the plaintiff's and defendant's testimony, the Court permitted the plaintiff to amend his complaint to conform to his proof in order that the matter might be decided on its merits.

The plaintiff now advances the following contentions as a basis for his cause of action:

1. Was the payment by the bankrupt of the personal obligation of Mogelewsky illegal and void as to then existing creditors whose liabilities are still existing, and made with intent to hinder, delay and defraud them?

2. Was Mogelewsky's liability to the defendant paid when the written agreement was drawn in March 1936 or was the obligation paid in installments as and when the sixty-two notes were paid?

3. Assuming arguendo that the agreement in March 1936 to pay Mogelewsky's debt was legal because the bankrupt was not insolvent at that time, was the agreement thereafter rendered illegal to the extent that the terms of the agreement were executed

after the bankrupt had concededly become insolvent on July 15, 1936?

4. Was payment of Mogelewsky's debt with the consent of the corporation, bearing in mind that the consents of Mrs. Foster who owned one-half of the voting stock, and the creditors who held notes received in the 74 proceeding which were secured by stock of the corporation were not obtained, nor did they have knowledge of the payment? (Pages 9 and 10 of plaintiff's brief.)

There is no dispute that when Slavin entered into the agreement of March 13, 1936 with the defendant bank, the World Clothing Exchange, Inc., was solvent. It had liquid assets of between $50,000 and $60,000. Slavin turned over to the World Clothing Exchange, Inc., the notes and judgments received from the bank when Mogelewsky's claim was paid. The officers of this corporation apparently thought that the agreement was a beneficial one to them. It was difficult to state at that time what moneys would be realized from the assets released by the defendant bank to Slavin.

The discounting of the sixty-two notes by the World Clothing Exchange, Inc., was an incident to the March 13, 1936 agreement. The Court, therefore, is constrained to hold that the agreement was valid and that it was not entered into by the bank to hinder, delay or defraud any of the creditors. The plaintiff now contends that it is entitled to at least a judgment for any and all of the notes paid after July 15, 1936, the time when the World Clothing Exchange, Inc., became insolvent. The plaintiff makes this claim based upon the theory advanced by him that these notes were a part of the agreement of March 13, 1936.

This contention would undoubtedly be sound if the insolvency of the World Clothing Exchange, Inc., was precipitated or in any way caused by the discounting of the sixty-two notes. The contrary, however, appears; and it is undisputed that the officers of the World Clothing Exchange, Inc., paid themselves $28,000. The receipt of this amount by them was illegal and unauthorized and was directly the cause of the insolvency of the World Clothing Exchange, Inc., on July 15, 1936.

Since the plaintiff's claim for the recovery of the moneys paid to the defendant bank after the date of insolvency is pred-icated on the agreement of March 13, 1936, he cannot on that theory recover because the Court finds that the agreement was a valid one.

Judgment is hereby rendered in favor of the defendant.